JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Hoffman

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Spear, Greenfield, Richamn, Weitz & Taggart
1801 Market Street, Suite 700
Philadelphia, PA 19103
215-985-2424

## DEFENDANTS
Ivan Fisher & United States of America

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. § 1346(b)(1)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ________ DOCKET NUMBER ________

DATE 8/19/26

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD HOFFMAN**<br>801 W. County Line Road<br>Warminster, PA 18974<br>Plaintiff,<br><br>v.<br><br>**IVAN FISHER**<br>47 Ardmore Avenue<br>Lansdowne, PA 19050<br>&<br>**UNITED STATES OF AMERICA**<br>c/o United States Attorney General<br>10th Street NW & Constitution Avenue<br>Washington, DC 20530<br>Defendant. | **COMPLAINT IN CIVIL ACTION**<br><br>**NO.**<br><br><br><br><br>**JURY DEMAND** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiff's injuries occurred within the Borough of Hatboro and County of Montgomery, in the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiff, Edward Hoffman, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4. Defendant, Ivan Fisher, is a citizen and resident of the Commonwealth of

Pennsylvania with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of the United States Postal Service, which is an agency of the defendant, United States of America, with the express, apparent, and/or implied permission, authorization and/or consent of defendant, United States of America

5. Defendant, United States of America, with a registered business address listed in the caption of this Complaint, operates the United States Postal Service, which is a federal agency of the executive branch of the United States Government, doing business in the Commonwealth of Pennsylvania, which at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Ivan Fisher.

**FACTS**

6. On or about April 14, 2025, plaintiff, Edward Hoffman, owned and operated a motor vehicle at or near S. York Road and Horsham Road, in the Borough of Hatboro and County of Montgomery, in the Commonwealth of Pennsylvania.

7. At the same date and time, defendant Ivan Fisher, operated a motor vehicle owned by an agency of defendant, United States of America, at or near S. York Road and Horsham Road, in the Borough of Hatboro and County of Montgomery, in the Commonwealth of Pennsylvania.

8. Suddenly and without warning, defendant Ivan Fisher, negligently and/or carelessly operated the motor vehicle owned by defendant, United States of America, in such a manner as to strike the plaintiff's vehicle.

9. As a result of this accident, plaintiff has suffered severe and permanent bodily

injuries which are more fully set forth below.

**COUNT I**
**Edward Hoffman v. Ivan Fisher**
**Personal Injury**

10. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

11. The negligence and/or carelessness of defendant consisted of the following:

a. Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said commercial vehicle under proper and adequate control;

c. Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff’s vehicle;

d. Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e. Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant was operating;

i. Failing to perceive the highly apparent danger to others which the defendant’s actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m. Striking plaintiff's vehicle;

n. Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q. Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the Borough of Hatboro and County of Montgomery, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r. Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

12. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body

function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to: neck, back, right hand, and any other ills and injuries, all to plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

16. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT II**
**Edward Hoffman v. Ivan Fisher**
**Property Damage**

17. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

18. As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT III**
**Edward Hoffman v. United States of America**
**Personal Injury**

19. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

20. The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a. Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said commercial vehicle under proper and adequate control;

c. Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent striking plaintiff's vehicle;

d. Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e. Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

i. Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m. Striking plaintiff's vehicle;

n. Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective commercial motor vehicle to

be operated on a public highway;

q. Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the Borough of Hatboro and County of Montgomery, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r. Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

21. The negligence and/or carelessness of defendant further consisted of the following:

a. Permitting an incompetent driver to operate defendant's commercial motor vehicle;

b. Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed a valid license or other requirements to drive and/or operate a commercial motor vehicle;

d. Failure to inspect defendant, through its lessees, agents, servants, workmen, and/or employee's prior history of bad driving;

e. Failing to instruct defendant, through its lessees, agents, servants, workmen, and/or employees, in the proper method of operating a

commercial motor vehicle;

f. Failing to properly instruct the defendant, through its lessees, agents, servants, workmen, and/or employees, on how to properly operate defendant's commercial motor vehicle and its warning apparatus in an emergency situation;

g. Failing, as defendant, through its lessees, agents, servants, workmen, and/or employees' authority, to control said driver's conduct in regard to the manner in which said defendant was operating the commercial motor vehicle at the aforesaid time and place as herein before described;

h. Failing to maintain said commercial vehicle in a safe condition; and,

i. Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway.

22. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: neck, back, right hand, and other ills and injuries, all to plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

25. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT IV**
**Edward Hoffman v. United States of America**
**Property Damage**

27. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

28. As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**SPEAR, GREENFIELD,**
**RICHMAN, WEITZ & TAGGART, P.C.**

**BY: MARC F. GREENFIELD, ESQUIRE**
Ten Penn Center, Suite 700
1801 Market Street
Philadelphia, PA 19103
(215) 985-2424
Attorney for Plaintiff
I.D. NO.: 62081

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
tmk